UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL S.,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>MARTIN O'MALLEY, Commissioner of Social Security,[1]<br><br>　　　　　　　　　Defendant. | Case No.:  23-cv-1943-MMA-DDL<br><br>**REPORT AND RECOMMENDATION FOR ORDER REMANDING COMMISSIONER'S DECISION** |

The undersigned respectfully submits this Report and Recommendation to United States District Judge Michael M. Anello pursuant to 28 U.S.C. § 636(b) and Civil Local Rule 72.1(d).  Plaintiff Miguel S. seeks judicial review of the Social Security Commissioner's denial of his application for disability benefits.  *See* Dkt. No. 1.  Plaintiff moves the Court to remand his application to the Social Security Administration for an award of benefits or, alternatively, for further proceedings.  *See generally* Dkt. No. 12.  For the reasons stated below, the Court finds the Commissioner's determination that Plaintiff is not disabled is legally

---

[1]　　Commissioner O'Malley is automatically substituted pursuant to Federal Rule of Civil Procedure 25(d).

erroneous and is not supported by substantial evidence, and therefore **RECOMMENDS** the Commissioner's decision be **REMANDED** to the Administration for further proceedings consistent with this Order.

## I.

## **BACKGROUND**

### A. Plaintiff's Application for Disability Benefits

Plaintiff is a 63-year-old male who "has the following medically determinable impairments: essential hypertension; diabetes mellitus; back pain and musculoskeletal sprains and strains; peripheral neuropathy; hyperlipidemia; hyperthyroidism; and major depressive disorder." Certified Administrative Record ("AR") [Dkt. No. 9] at 26.[2] Plaintiff applied for supplemental security income under Title XVI of the Social Security Act (the "Act") on June 23, 2021. *Id.* at 23. Plaintiff alleges his medical and mental conditions prevented him from working as of January 1, 2010. *Id.*

After his application was denied at the initial stage and upon reconsideration, Plaintiff requested a hearing before an ALJ. *Id.* ALJ Howard Treblin held a telephonic hearing on July 7, 2022, at which Plaintiff appeared with counsel and testified with the assistance of a Spanish interpreter. *See generally id.* at 40-52. Following the July 7, 2022 hearing, Plaintiff underwent a medical consultative examination on August 8, 2022, and a psychological consultative examination on December 13, 2022. *Id.* at 23. The ALJ then held a supplemental hearing on April 17, 2023, at which Plaintiff again appeared with counsel and testified with the assistance of a Spanish interpreter. *See generally id.* at 55-62. Also present at both hearings was a vocational expert, though they testified at neither hearing.

---

[2] The Court uses the parties' pagination of the AR. All other docket citations are to the CM/ECF page numbers.

*See id.* at 40-62.

The ALJ issued an unfavorable decision on April 17, 2023, having concluded Plaintiff "has not been under a disability, as defined in [the Act], since June 23, 2021, the date the application was filed." *Id.* at 32. The Appeals Council denied Plaintiff's request for review on August 22, 2023, and the ALJ's decision became final. *See id.* at 1-2. This timely appeal followed.

**B.     Summary of the ALJ's Findings**

A person is considered "disabled" within the meaning of the Act if they suffer from a medically determinable physical or mental impairment which is expected to last at least a year and is of such severity that they cannot work, considering their age, education, and work experience. *See* 42 U.S.C. § 423(d). The Administration employs a sequential five-step evaluation to make this determination: at step one, whether the claimant is engaged in substantial gainful activity; at step two, whether the claimant suffers from a severe impairment within the meaning of the regulations; at step three (if the claimant suffers from a severe impairment), whether the impairment meets or is medically equal to one of the impairments identified in the Listing of Impairments; at step four, whether the claimant can perform his past relevant work given the plaintiff's residual functional capacity ("RFC") based on all his impairments; and at step five, whether the claimant can make an adjustment to other work based on his RFC. *See* 20 C.F.R. § 404.1520; 20 C.F.R. § 416.920. If the claimant is found not disabled at any step, the analysis does not proceed to the next step. *Id.*

The ALJ employed this process in adjudicating Plaintiff's disability claim. *See generally* AR at 23-32. At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since June 23, 2021, the application date. *Id*. at 25. The ALJ noted "[a]lthough supplemental security income is not payable prior to the month following the month in which the application was filed," he "considered the complete medical history." *Id.* at 24.

At step two, the ALJ found Plaintiff "does not have a severe impairment or combination of impairments." *Id.* at 26. The ALJ concluded "there is insufficient evidence in the record to show the alleged impairments, taken singly or in combination, [result] in more than a minimal effect on the claimant's ability to perform work activity." *Id.* In so finding, the ALJ was persuaded by the results of Plaintiff's August 8, 2022 consultative examination by Dr. Vakas Sial. The examination showed Plaintiff's "cardiovascular system exhibited no heaves or thrills . . . and no murmur . . . normal range of motion in the hips, knees, and ankles . . . good motor tone bilaterally, with good active motion, and 5/5 strength in all extremities." *Id.* at 27. Dr. Sial found Plaintiff "could make a full fist bilaterally and had normal range of motion in all fingers" and that Plaintiff's "gait was within normal limits." *Id.*

Furthermore, the ALJ noted Plaintiff's medical records showed normal laboratory results and that his "diabetes mellitus was under control." *Id.* at 28. The ALJ discussed medical records indicating Plaintiff's blood pressure was "well-controlled," his essential hypertension was "close to ideal goal," and his cardiovascular system had a "regular heart rate and rhythm." *Id.* With respect to Plaintiff's alleged back pain and musculoskeletal impairments, medical records from August 19, 2020 showed Plaintiff denied muscle or joint pains and "a physical exam showed full range of motion in the back and spine and normal gait." And further physical examination on July 8, 2021 likewise showed "full range of motion in the back and spine and normal gait." *Id.*

The ALJ next considered the four broad functional areas of mental functioning known as the "Paragraph B criteria," finding Plaintiff had mild limitation in understanding, remembering, or applying information; mild limitation in interacting with others; mild limitation in concentrating, persisting, or maintaining pace; and mild limitation in managing or adapting oneself. *Id.* at 29-30. The ALJ also considered various mental health assessments in the record: psychological

consultative examiner Dr. Montez McCarthy reported Plaintiff presented as coherent and communicated in a logical manner; psychiatrist Patricia Fertig reported Plaintiff had coherent and unremarkable thought process; and mental health clinician Karen Feld reported Plaintiff's thought process was linear and goal directed, and that Plaintiff denied hallucinations, voices, and delusions. *Id.* at 29-31. The ALJ also noted, though, that "Dr. McCarthy opined that no functional assessment could be made," and that treating physician Dr. Tannia Tran's report that Plaintiff "is a regular and established patient" who has received mental health support and medication at the San Diego Family Care clinic since April 2015 was not persuasive "because the statement does not include any specific details regarding the claimant's impairments and does not give any explanation regarding the claimant's limitations or ability to perform work." *Id*. at 31.

Based on this evidence and analysis above, the ALJ concluded that "[b]ecause [Plaintiff's] medically determinable mental impairments caused no more than mild limitation . . . and the evidence does not otherwise indicate that there is more than a minimal limitation in the claimant's ability to do basic work activities," Plaintiff's mental impairments were not severe. *Id*. at 32. Accordingly, the ALJ stopped the analysis at step two and concluded Plaintiff was not disabled within the meaning of the Act since June 23, 2021. *Id.*

## II.
## **DISPUTED ISSUES**

Plaintiff raises two issues for review:

First, did the ALJ err in failing to assess any of Plaintiff's physical impairments as severe at Step Two?

Second, did the ALJ err in failing to assess any of Plaintiff's mental impairments as severe at Step Two?

*See* Dkt. No. 12 at 2.

/ / /

## III.

## **STANDARD OF REVIEW**

The Court's review of the Commissioner's final decision is "highly deferential." *Kitchen v. Kijakazi*, 82 F. 4th 732, 738 (9th Cir. 2023).[3] The Court "will disturb the denial of benefits only if the decision contains legal error or is not supported by substantial evidence." *Id.* "Substantial evidence is such relevant evidence that a reasonable mind might accept as adequate to support a conclusion, and must be more than a mere scintilla, but may be less than a preponderance." *Id.* This Court must review the entire record and consider adverse as well as supporting evidence. *See Ahearn v. Saul*, 988 F.3d 1111, 1115 (9th Cir. 2021). The Court "may not reweigh the evidence or substitute [its] judgment for that of the ALJ." *Id.* Moreover, "[t]he ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities." *Id.* If the evidence is susceptible of more than one rational interpretation, the ALJ's decision must be upheld. *See id*. at 1115-16. However, the Court cannot affirm "on a ground upon which [the ALJ] did not rely." *Garrison v. Colvin*, 759 F.3d 995, 1010 (9th Cir. 2014). Where the ALJ commits legal error, the Court may affirm the decision if the error is harmless, meaning "it is inconsequential to the ultimate nondisability determination, or that, despite the legal error, the agency's path may reasonably be discerned, even if the agency explains its decision with less than ideal clarity." *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015). "[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).

/ / /

---

[3] Unless otherwise noted, internal quotation marks, ellipses, brackets, citations, and footnotes are omitted from citations.

## IV.

## DISCUSSION

**A.  Plaintiff Has Demonstrated Harmful Error**

With these standards in mind, the Court addresses each of the disputed issues identified above.

1. <u>Step Two Assessment of Plaintiff's Physical Impairments</u>

As a first charge of error, Plaintiff asserts "substantial evidence does not support the ALJ's holding that Plaintiff has no severe physical impairments." Dkt. No. 12 at 3.  Plaintiff concedes the "ALJ specifically (albeit briefly) considered [Plaintiff's] medically-determinable impairments of diabetes mellitus and diabetic neuropathy, hypertension, alleged back pain and musculoskeletal impairments, and hyperlipidemia and hypothyroidism." *Id.* at 4.  But Plaintiff contends the ALJ erred by not discussing Plaintiff's "left trigger finger[4] or reduced visual acuity" and by not finding these impairments severe.  *Id.*  The Court agrees that the ALJ erred by not discussing Plaintiff's left trigger finger.  This error was not harmless, as stopping the sequential analysis at step two was necessarily "[]consequential to the ultimate nondisability determination."  *See Brown-Hunter*, 806 F.3d at 492.

At step two, the ALJ must determine whether the claimant has a medically determinable impairment or combination of impairments that is severe. 20 C.F.R. § 404.1520a(4)(ii).  The Ninth Circuit has emphasized "that claimants need only make a de minimis showing for the analysis to proceed past this step and that properly denying a claim at step two requires an unambiguous record showing only minimal limitations."  *Glanden v. Kijakazi*, 86 F.4th 838, 844

---

[4]  "Trigger finger is a condition affecting tendons that flex the fingers and thumb, typically resulting in a sensation of locking or catching when you bend and straighten your digits.  Other symptoms may include pain and stiffness in the fingers and thumb."  Dkt. No. 12 at 4 (quoting Tyler Steven Pidgeon et al., *Trigger Finger*, https://orthoinfo.aaos.org/en/diseases--conditions/trigger-finger/.).

(9th Cir. 2023); *accord Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005) ("An impairment or combination of impairments may be found not severe *only* if the evidence establishes a slight abnormality that has no more than a minimal effect on an individual's ability to work."). Furthermore, the Ninth Circuit has affirmed a step two denial only once, in *Ukolov v. Barnhart*, 420 F.3d 1002 (9th Cir. 2005). There, "even the claimant's doctor was hesitant to conclude that any of the claimant's symptoms and complaints were medically legitimate." *Webb*, 433 F.3d at 688 (discussing *Ukolov*). The record in *Ukolov* contained "no reference to results from medically acceptable clinical diagnostic techniques;" the only pieces of evidence supporting the claimant's impairments were his own complaints. *Ukolov*, 420 F.3d at 1006.

The Court first considers Plaintiff's contention that he "suffers from a severe left hand impairment." Dkt. No. 12 at 4. Plaintiff reported "left ring finger burning pain" with "a stuck sensation for [three] months" during a January 12, 2022 appointment with the San Diego Family Care clinic. AR at 655. Dr. Tran subsequently diagnosed him with trigger finger and instructed him to take acetaminophen and ibuprofen as needed. *Id.* at 656. During the July 7, 2022 hearing, Plaintiff testified he had "a bad finger" in his left hand and was unable to remove a gallon of milk or water from the refrigerator using his left hand. *Id.* at 44. Plaintiff's "Medical Statement of Ability to do Work Related Activities (Physical)" reflected a finding of "left trigger finger 4th digit" on July 15, 2022. *Id.* at 576-77. And the consultative examiner measured Plaintiff's left hand grip strength as able to generate 25 pounds of force on August 8, 2022; the mean left hand grip strength for a man in Plaintiff's age category is nearly 84 pounds. *Id.* at 585; Dkt. No. 12 at 4-5.[5] Thus, evidence in the record shows Plaintiff's claim is not the

---

[5]   (citing Nicola Massy-Westropp et al., *Hand Grip Strength: Age and Gender*

type of frivolous claim for which step two is intended to screen.

Just because the trigger finger is not a frivolous claim, however, does not mean that it is necessarily a severe impairment. *See Ahearn*, 988 F.3d at 1115 (The Court "may not reweigh the evidence or substitute [its] judgment for that of the ALJ."). Instead, the Court finds the determination that Plaintiff was not disabled is not supported by substantial evidence because the ALJ failed to develop a record permitting the Court to "reasonably . . . discern[]" the ALJ's path." *Brown-Hunter*, 806 F.3d at 492. In considering Plaintiff's musculoskeletal impairments, the ALJ mentioned only (1) that physical examinations "showed full range of motion in the back and spine and normal gait and (2) that "Dr. Sial found [Plaintiff] could make a full fist bilaterally and had normal range of motion in all fingers bilaterally." AR at 27-28. Although the ALJ was not required to "perform a line-by-line exegesis of the claimant's testimony," he was required to do more than reject without meaningful discussion the evidence Plaintiff produced of impairment in his left trigger finger. *Lambert v. Saul*, 980 F.3d 1266, 1276 (9th Cir. 2020). The "proper course," then, "is to remand to the agency" for further administrative proceedings. *Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015) ("When there are outstanding issues that must be resolved before a determination can be made, or if further administrative proceedings would be useful, a remand is necessary.").

The Court therefore directs the Commissioner on remand to further develop the record in evaluating whether Plaintiff's left trigger finger constitutes a severe impairment. If the Commissioner so finds, he shall also develop the record as necessary to determine whether Plaintiff meets the elements of 20 C.F.R. § 416.962(b): "If you have a severe, medically determinable impairment(s), are of advanced age, have a limited education or less, and have no past relevant work

---

*Stratified Normative Data in a Population-Based Study*, National Library of Medicine, https://pmc.ncbi.nlm.nih.gov/articles/PMC3101655/.).

9

experience, we will find you disabled . . . [without] need to assess your residual functional capacity."

Plaintiff's vision deficits are a different story. As Defendant correctly notes, "Plaintiff's visual acuity was not relevant to the issue of his ability to perform basic work activities because, at most, his providers recommended prescription glasses to correct his acuity" and Plaintiff did not follow those recommendations. Dkt. No. 14 at 2 (citing AR at 393, 563). "Individuals with a disabling impairment which is amenable to treatment that could be expected to restore their ability to work must follow the prescribed treatment." 20 C.F.R. § 416.930(b) ("If you do not follow the prescribed treatment without a good reason, we will not find you disabled."). This same regulation does not preclude a disability finding if Plaintiff has a "good reason" for failing to follow prescribed treatment, such as religious objection, cost of treatment, or incapacity. *Id.* Plaintiff argues "it is quite possible that Plaintiff was unable to pick up his prescription eyeglasses due to mental incapacity, a lack of available transportation, or an inability to pay the required medical device price or copay." Dkt. No. 15 at 4. But the "burden of proof is on the claimant at steps one through four," and the mere possibility that an acceptable reason exists for Plaintiff's noncompliance with treatment does not satisfy that burden. *Ford v. Saul*, 950 F.3d 1141, 1148 (9th Cir. 2020); *see also Alicia E.C. v. Kijakazi*, No. CV-20-9803 PVC, 2022 WL 21841724, at *8 (C.D. Cal. Apr. 14, 2022) ("Plaintiff has not provided evidence of any acceptable reason for her failure to follow prescribed treatment."). Thus, the ALJ did not err in his decision regarding Plaintiff's vision problems.

2. <u>Step Two Assessment of Plaintiff's Mental Impairments</u>

As a second charge of error, Plaintiff asserts "[t]he ALJ's holding that Plaintiff does not have any severe mental impairments is unsupported by substantial evidence." Dkt. No. 12 at 10. The Court agrees.

In analyzing an ALJ's step two denial, courts ask "whether the ALJ had

1  substantial evidence to find that the medical evidence clearly established that [the
2  claimant] did not have a medically severe impairment or combination of
3  impairments." *Glanden*, 86 F.4th at 844.  If an ALJ "is unable to determine clearly
4  the effect of an impairment . . . on the individual's ability to do basic work activities,
5  the sequential evaluation should not end with [step two].  Rather, it should be
6  continued."  Social Security Ruling 85-28.  Importantly, the ALJ's "duty to
7  supplement a claimant's record is triggered by ambiguous evidence, the ALJ's own
8  finding that the record is inadequate or the ALJ's reliance on an expert's conclusion
9  that the evidence is ambiguous." *Webb*, 433 F.3d at 687.  For example, the Ninth
10 Circuit in *Glanden* remanded for further administrative proceedings where a state
11 agency medical expert "was unable to give an opinion about the claimant's
12 functional limitations during the relevant period" because some treatment records
13 "did not correspond" with others. *Glanden*, 86 F.4th at 846.

14         The medical evidence here was sufficiently ambiguous to trigger the ALJ's
15 duty to supplement the record as well.  First, the ALJ noted that Dr. Tran reported
16 Plaintiff has been "a regular and established patient" at the San Diego Family Care
17 clinic since April 2015 and "has received mental health support and medication
18 since that time."  AR at 31 (quoting *id.* at 562).  But the ALJ found the statement
19 "not persuasive" because it "does not include any specific details regarding
20 [Plaintiff's] impairments." *Id.* at 31.  Second, the ALJ noted that Dr. McCarthy
21 "opined that no functional assessment could be made" during the psychological
22 consultative examination because Plaintiff's behavior and performance during
23 testing were inconsistent with other medical records. *Id.* (quoting *id.* at 591).
24 Because the circumstances here so closely parallel those in *Glanden*, so too
25 should the outcome: the Court directs the Commissioner on remand to further
26 develop the record as to the ambiguities identified above regarding Dr. Tran and
27 Dr. McCarthy's opinions.
28 / / /

# V.

# **CONCLUSION**

For the foregoing reasons, the Court concludes that the ALJ's decision was not free of harmful legal error and was not supported by substantial evidence. The Court expresses no view as to whether Plaintiff will succeed in proving that he is entitled to benefits; it holds only that denial at step two was premature. The undersigned accordingly **RECOMMENDS** that the District Court issue an Order: (1) approving and adopting this Report and Recommendation in its entirety and (2) granting Plaintiff's request for remand for further administrative proceedings consistent with this Order.

**IT IS HEREBY ORDERED** that any objections to this Report and Recommendation must be filed by not later than **November 14, 2024**. Any response to a party's objections must be filed by not later than **November 21, 2024**. Failure to timely file objections may waive the right to raise those objections on appeal. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th Cir. 1991).

**IT IS SO ORDERED.**

Dated: October 30, 2024

_David Leshner_
Hon. David D. Leshner
United States Magistrate Judge