# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL S.,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>MARTIN O'MALLEY, Commissioner of Social Security,[1]<br><br>　　　　　　　　Defendant. | Case No.: 23-cv-1943-MMA (DDL)<br><br>**ORDER:**<br><br>**OVERRULING OBJECTIONS AND ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE;**<br><br>[Doc. No. 16]<br><br>**REMANDING FOR FURTHER ADMINISTRATIVE PROCEEDINGS** |

　　　On October 20, 2023, Plaintiff Miguel S. ("Plaintiff") filed a complaint under 42 U.S.C. § 405(g) and § 1383(c)(3) seeking judicial review of the Commissioner of Social Security's ("Commissioner") denial of supplemental security income benefits under Title XVI of the Social Security Act. *See* Doc. No. 1. The Court referred all matters arising in

---

[1] Commissioner O'Malley is automatically substituted pursuant to Federal Rule of Civil Procedure 25(d).

this social security appeal to United States Magistrate Judge David D. Leshner for report and recommendation pursuant to Section 636(b)(1)(B) of Title 28 of the United States Code, and Civil Local Rule 72.1. *See* 28 U.S.C. § 636(b)(1)(B); S.D. Cal. CivLR 72.1. Plaintiff filed a Brief on March 14, 2024, and Defendant filed a Response in Opposition on April 15, 2024; Plaintiff filed a Reply on April 26, 2024. *See* Doc. Nos. 12, 14–15.

On October 20, 2024, Judge Leshner issued a thorough and well-reasoned Report and Recommendation ("R&R") that the matter be remanded to the Social Security Administration for further administrative proceedings. *See* Doc. No. 16. Defendant filed Objections to the R&R on November 13, 2024. Doc. No. 17.

The Court has made a review and determination in accordance with the requirements of 28 U.S.C. § 636 and applicable case law. Upon due consideration and for the reasons set forth below, the Court **OVERRULES** the Commissioner's objections, **ADOPTS** Judge Leshner's R&R, and **REMANDS** this matter to the Social Security Administration for further administrative proceedings consistent with this Court's Order and Judge Leshner's R&R.

## I. BACKGROUND

Plaintiff applied for disability insurance benefits on June 23, 2021; his application was denied and he requested a hearing. Doc. No. 9-2 at 2–23.[2] After the hearing, the Administrative Law Judge ("ALJ") ordered medical and psychological consultive evaluations to determine the extent of Plaintiff's alleged disabilities. *Id.* at 39–53. Dr. Vakas Sial performed a physical examination of Plaintiff on August 8, 2022, and Dr. Montez McCarthy performed a psychological examination of Plaintiff on December 13, 2022. Doc. No. 9-7 at 83–108. Following a second hearing, at which Plaintiff testified, the ALJ issued a decision finding at step two of the sequential evaluation process that

---

[2] Doc. Nos. 9-1 through 9-8 are the Certified Administrative Record.

1  Plaintiff did not suffer from a severe impairment or combination of impairments which
2  limited his ability to work.  Doc. No. 9-2 at 24–33, 55–62.
3        After exhausting his administrative remedies, Plaintiff sought judicial review to
4  challenge the denial of his application by filing the present action pursuant to 42 U.S.C.
5  § 405(g).  *See* Doc. No. 1 at 1.  Plaintiff argued in his Opening Brief that the ALJ
6  improperly denied his claim at step two of the sequential evaluation process and wrongly
7  concluded that Plaintiff did not have severe physical and mental impairments, or a
8  combination of impairments, which limited his ability to perform basic work activities.
9  Doc. No. 12.  The Commissioner filed a Responsive Brief, arguing that the Court should
10 affirm the ALJ's decision because it is supported by substantial evidence.  Doc. No. 14.
11       The Magistrate Judge issued an R&R in which he found that substantial evidence
12 did not support the ALJ's determination.  Doc. No. 16.  First, the Magistrate Judge found
13 the record was not sufficiently developed with respect to Plaintiff's claim that he suffered
14 from trigger finger, specifically noting that "Plaintiff's claim is not the type of frivolous
15 claim for which step two is intended to screen."  *Id.* at 8–9.  The Magistrate Judge also
16 found that the record regarding Plaintiff's mental impairments was "sufficiently
17 ambiguous to trigger the ALJ's duty to supplement the record as well."  *Id.* at 11.  The
18 Magistrate Judge concluded that the case should be remanded to the ALJ for further
19 proceedings to develop the record with respect to Plaintiff's trigger finger and his mental
20 impairments, and to determine whether Plaintiff meets the elements of 20 C.F.R.
21 § 416.962(b).  *Id.* at 9–11.  As to Plaintiff's vision deficits, the R&R found that the ALJ
22 did not err in finding the deficits were not severe.  *Id.* 10.

## II. LEGAL STANDARD

24       The duties of the district court in connection with a magistrate judge's report and
25 recommendation are set forth in Rule 72(b) of the Federal Rules of Civil Procedure and
26 28 U.S.C. § 636(b)(1).  Where the parties object to a R&R, "[a] judge of the [district]
27 court shall make a de novo determination of those portions of the [R&R] to which
28 objection is made."  28 U.S.C. § 636(b)(1); *see Thomas v. Arn*, 474 U.S. 140, 149-50

(1985). A district judge may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also Wilkins v. Ramirez*, 455 F. Supp. 2d 1080, 1088 (S.D. Cal. 2006).

### III. DISCUSSION

The Commissioner objects to the Magistrate Judge's R&R on three grounds. First, he argues Plaintiff waived the issue of whether the ALJ had a duty to develop the record regarding Plaintiff's trigger finger and mental impairments because he did not raise the issue in his opening or reply briefs filed in this Court. Doc. No. 17 at 4–5. Second, he objects to the Magistrate Judge's finding that substantial evidence did not support the ALJ's conclusion at step two of the sequential evaluation process that Plaintiff's physical and mental impairments were not severe and that the ALJ had a duty to further develop the record. *Id.* at 6–13. Third, he contends the ALJ discharged his duty to develop the record by ordering the medical consultive exams for Plaintiff. *Id.* at 5–6.

### A. Waiver of the Duty to Develop the Record Claim

The Commissioner argues Plaintiff waived his claim that the ALJ had a duty to develop the record because he did not raise it in either his opening or reply brief. *Id.* at 5. "The ALJ in a social security case has an independent duty to fully and fairly develop the record and to assure that the claimant's interests are considered." *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001) (quoting *Smolen Chater*, 80 F.3d 1273, 1288 (9th Cir. 1996) (internal quotation marks and citations omitted)). Thus, a Plaintiff does not need to explicitly raise the issue of the ALJ's duty to develop the record in order for a Magistrate Judge to address it. *See Farley v. Colvin*, 231 F. Supp. 3d 335, 339 (N.D. Cal. 2017) (explaining that "appeals from a denial of Social Security benefits differ from ordinary civil litigation [because the] underlying claims process is nonadversarial" and concluding that "there is no reason to treat the failure to raise an error as reason for actively ignoring it . . . .") (citations omitted); *Lisa O.L. v. Kijakazi*, No. 20-cv-2865-RMI, 2022 WL 612803, at *6 (N.D. Cal. Mar. 1, 2022) (stating that "while a plaintiff must make her own arguments for remand, that does not relieve this court of its

independent duty to effect a fulsome and searching review of the facts and to render a thorough and independent determination as to whether the ALJ's findings are supported by substantial evidence," and so it "cannot be reasonably contended that the failure by a Plaintiff or her counsel to raise an error is an acceptable reason for a court to actively ignore it.") (citations omitted). In any event, the cases cited by the Commissioner are inapplicable here because they stand for the proposition that a claim not raised in the District Court cannot be raised for the first time on appeal to the Ninth Circuit. *See* Doc. No. 17 at 5. There was no waiver, and the Commissioner's objection is therefore **OVERRULED**.

**B.     Plaintiff's Physical Impairments**

The Commissioner objects to the Magistrate Judge's determination at step two that there was insufficient evidence in the record to support the ALJ's finding that Plaintiff's trigger finger impairment was not severe. *See* Doc. No. 16 at 7–9, Doc. No. 17 at 5–9. The Commissioner contends Plaintiff's medical records and the results of the medical consultive exam ordered by the ALJ provided sufficient evidence for the ALJ's conclusion within the meaning of 20 C.F.R. § 416.922(a). Doc. No. 17 at 5–9.

As the Magistrate Judge correctly noted, the purpose of the step two severity analysis is to screen out groundless or frivolous claims. Doc. No. 16 at 7–8. Thus, the Ninth Circuit has stated that "claimants need only make a de minimis showing for the analysis to proceed past this step and that properly denying a claim at step two requires an unambiguous record showing only minimal limitations." *Glanden v. Kijakazi*, 86 F.4th 838, 844–45 (9th Cir. 2023). Further, "Social Security proceedings are inquisitorial rather than adversarial [and thus] [i]t is the ALJ's duty to investigate the facts and develop the arguments both for and against granting benefits . . . ." *Sims v. Apfel*, 530 U.S. 103, 110–11 (2000); *Fisher v. Astrue*, 788 F. Supp. 2d 1219, 1225 (E.D. Cal. 2011) (stating that "[i]n Social Security cases, the ALJ has a special duty to develop the record fully and fairly and to ensure that the claimant's interests are considered, even when the claimant is represented by counsel.") (citing *Tonapetyan*, 242 F.3d at 1150 (9th Cir.

2001)). The duty is triggered when there is ambiguous evidence or the record is inadequate to evaluate the evidence. *Id.* (citing *Smolen v. Chater*, 80 F.3d 1273, 1288 (9th Cir. 1996)).

The administrative record shows that "Plaintiff reported 'left ring finger burning pain' with 'a stuck sensation for [three] months" in January of 2022, and he was subsequently diagnosed with trigger finger by Dr. Tran at the San Diego Family Care Clinic. Doc. No. 9-8 at 56–57. Plaintiff's trigger finger injury was recorded on his "Medical Statement of Ability to do Work Related Activities (Physical)" in July of 2022. Doc. No. 9-7 at 85. Further, Plaintiff testified he had a "bad finger" during his July 7, 2022 disability hearing and testified he did not think he could lift a gallon of milk with his left hand. Doc. No. 9-2 at 44–45. In the Summary Report of his medical consultive exam, however, Dr. Sial listed Plaintiff's medical complaints as diabetes mellitus, lumbar back pain, hypertension, hyperlipidemia, and hypothyroidism, making no mention of Plaintiff's trigger finger diagnosis or his symptoms. *Id.* at 91–92. A grip strength test showed strength in Plaintiff's left hand was significantly lower than his right hand and that Plaintiff had full extension of his hands and a normal range of motion in his fingers, but Dr. Sial did not conduct any specific examination or testing for trigger finger. *Id.* at 93, 93. Similarly, in his decision denying benefits, the ALJ focused almost entirely on Plaintiff's diabetes mellitus, lumbar back pain, hypertension, hyperlipidemia, and hypothyroidism. Doc. No. 9-2 at 28. He did not explicitly refer to Plaintiff's trigger finger diagnosis at all in his decision and made only two passing references to Plaintiff's ability to use his hands, noting only that Plaintiff testified he could not lift and carry a gallon of milk from the refrigerator with his left hand and that "Dr. Sial found [that Plaintiff] could make a full fist bilaterally and had normal range of motion in all fingers bilaterally." *Id.* at 28–29.

The Court agrees with the Magistrate Judge's conclusion in the R&R that, taken together, Dr. Tran's trigger finger diagnosis, Dr. Sials's lack of consideration of Plaintiff's trigger finger diagnosis and his resulting failure to sufficiently examine

Plaintiff's trigger finger, and the ALJ's failure to address Plaintiff's trigger finger diagnosis in his decision, the proper procedure is to remand this matter to the ALJ to further develop the record to determine whether Plaintiff's trigger finger is a severe impairment. Accordingly, the Court **OVERRULES** the Commissioner's objection and **ADOPTS** the R&R's recommendation to remand. The Commissioner does not object to the R&R's conclusion that remand is also necessary to develop the record to determine whether Plaintiff meets the elements of 20 C.F.R. § 416.962(b), and the Court the **ADOPTS** that portion of the R&R as well. Finally, Plaintiff does not object to the R&R's finding that the ALJ correctly concluded Plaintiff's vision problems were not severe, and the Court **ADOPTS** the R&R's finding on this point.

**C.     Plaintiff's Mental Impairments**

The Commissioner also objects to the Magistrate Judge determination that the ALJ's finding that Plaintiff did not suffer from a severe mental impairment at step two was not supported by substantial evidence. Doc. No. 17 at 9–13. The Commissioner contends that, with respect to Plaintiff's mental impairments, the medical records show Plaintiff had no more than minimal functional limitations and they were not so ambiguous as to trigger the ALJ's duty to develop the record. *Id.*

As previously noted, "[s]tep two . . . is a de minimis screening device [used] to dispose of groundless claims, and an ALJ may find that a claimant lacks a medically severe impairment or combination of impairments only when his conclusion is clearly established by medical evidence." *Webb v. Barnhart*, 433 F.3d 683, 687 (9th Cir. 2005) (internal citations omitted). Thus, a reviewing court "must determine whether the ALJ had substantial evidence to find that the medical evidence clearly established that [plaintiff] did not have a medically severe impairment or combination of impairments." *Id.* (citing *Yuckert v. Bowen*, 841 F.2d 3030, 306 (9th Cir. 1988)).

The ALJ concluded that Dr. Tran's statement confirming Plaintiff had received mental health care at the San Diego Family Care clinic since 2015 was unpersuasive because it was not specific enough. Doc. No. 9-2 at 32. The R&R found that this,

combined with Dr. McCarthy's statement that he was unable to make a functional assessment after the consultive exam "because Plaintiff's behavior and performance during testing were inconsistent with other medical records," rendered the record ambiguous enough to trigger the ALJ's duty to further develop the record.  Doc. No. 16 at 11.  The Court agrees.

The administrative record is replete with references to Plaintiff's mental impairments.  Records from the San Diego Family Care clinic show Plaintiff was diagnosed with schizophrenia in 2015 and received medical care for that condition as well as a mood disorder, post-traumatic stress disorder, and schizoaffective disorder from 2015 through 2023.  Doc. No. 9-6 at 90–93, 95–100, Doc. No. 9-7 at 69–77, Doc. No. 9-8 at 12–21.  Plaintiff's medical records while incarcerated show he had an ongoing diagnosis of substance abuse disorder and antisocial personality disorder, although it was controlled with medication and Plaintiff therefore did not present with symptoms.  Doc. No. 9-7 at 4–52.  In his 2022 consultive report, Dr. McCarthy stated that he was "unable to make an informed assessment of functions" because Plaintiff's "overall behavior and responses were not consistent to support any diagnoses or measure of intellectual capacity," but his consultive exam also noted that Plaintiff suffered from "bipolar disorder, with paranoia, hearing voices, visual hallucinations, . . . anxiety," and auditory hallucinations, and was on medication for his mental health issues.  *Id.* at 99–108.[3]   Dr. McCarthy also stated that Plaintiff was "functioning in the moderate to severe intellectual disability range of capacity," and that due to Plaintiff's possible intellectual/cognitive deficits, "his presentation and responses during [the] evaluation were generally vague and deflecting and not congruent with his overall presentation," resulting in Dr. McCarthy's

---

[3] Additional evidence of the need to further develop the record is Dr. McCarthy's note in his report that Plaintiff reported "no history of auditory, visual, or tactile hallucinations" despite the fact that Plaintiff had in fact reported he had such hallucinations.  *Compare* Doc. No. 9-7 at 103 ("Claimant stated his auditory hallucinations tell him to hurt others or he doesn't understand them," and '[Claimant] reported he has experienced auditory hallucinations since he was 8 years old," *id.* at 105, *with* "The Claimant reported no history of auditory, visual, or tactile hallucinations." *Id.* at 105.

inability to make a functional assessment. *Id.* at 107. In addition, the administrative record contains a more recent assessment from Nurse Practitioner Keren Feld at Mid-City Community Clinic on April 5, 2023. Doc. No. 9-8 at 12–16. In that assessment, Nurse Practitioner Feld noted that Plaintiff reported a history of depression and psychosis since adolescence, that he "still hears voices sometimes," and his presentation was "bizarre and disorganized" at intake. *Id.* at 12. He also reported experiencing command auditory hallucinations which tell him to harm himself and delusions that the TV is talking to him. *Id.* He was diagnosed with schizoaffective disorder, depressive type, and his prescribed medication for that disorder was increased. *Id.* at 14–15.

A court reviewing a decision in a Social Security case "must consider the entire record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion, and may not affirm simply by isolating a specific quantum of supporting evidence." *Trevizo v. Berryhill*, 871 F.3d 664, 675 (9th Cir. 2017) (quoting *Garrison v. Colvin*, 759 F.3d 995, 1009 (9th Cir. 2014) (internal citations omitted)). "[A]n ALJ errs when he rejects a medical opinion or assigns it little weight while doing nothing more than ignoring it, asserting without explanation that another medical opinion is more persuasive, or criticizing it with boilerplate language that fails to offer a substantive basis for his conclusion." *Garrison*, 759 F.3d at 1012–13 (citing *Nguyen v. Chater*, 100 F.3d 1462, 1464 (9th Cir. 1996)). Here, despite Plaintiff's lengthy history of mental illness, the ALJ did not mention Plaintiff's psychiatric diagnoses, the medication he uses to control his psychosis, or the April 5, 2023 assessment by Nurse Practitioner Feld describing Plaintiff as "bizarre and disorganized" and Plaintiff's report to Feld that he was experiencing auditory hallucinations, and delusions. *See* Doc. No. 9-2 at 29–33. Rather, the ALJ focused almost exclusively on the portions of the medical assessments which found Plaintiff to be well groomed, cooperative, exhibit appropriate thought processes, and organized communication. *Id.*

"The ALJ's duty to develop the record is heightened when a claimant's ability to protect his or her interests is adversely affected by a mental impairment." *Bousquet v.*

*Apfel*, 118 F. Supp. 2d 1049, 1056 (C.D. Cal. Oct. 30, 2000) (citing *Higbee v. Sullivan*, 975 F.2d 558, 561–62 (9th Cir. 1992)).  This is so even when the claimant is represented by counsel, *Hilliard v. Barnhart*, 442 F. Supp. 2d 813, 817 (N.D. Cal. Aug. 4, 2006) (citing *Higbee*, 975 F.2d at 562), and particularly where, as here, a Plaintiff's inability to cooperate with the medical exam may be due to the very disability for which the Plaintiff is seeking benefits. *Bousquet*, 118 F. Supp. 2d at 1056.  Here, the Court agrees with the Magistrate Judge that there is sufficient ambiguity in Plaintiff's medical records to trigger the ALJ's duty to further develop the record with respect to Plaintiff's mental impairments.  The Court therefore **OVERRULES** the Commissioner's objection and **ADOPTS** the R&R's recommendation that the matter be remanded for further development of the record.

## IV. Conclusion

For the foregoing reasons, the Court, **OVERRULES** the Commissioner's objections, **ADOPTS** Judge Leshner's R&R, and **REMANDS** this matter to the Social Security Administration for further administrative proceedings consistent with this Court's Order and Judge Leshner's R&R.

**IT IS SO ORDERED**.

Dated:  December 20, 2024

HON. MICHAEL M. ANELLO
United States District Judge